IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 98-30438
Summary Calendar
_____

CHRISTOPHER MARIONNEAUX,

Plaintiff-Appellant,

v.

GROENDYKE TRANSPORT, INC,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Louisiana
(96-CV-7451)
_____

January 18, 1999

Before KING, Chief Judge, and BARKSDALE, and STEWART, Circuit
Judges.

PER CURIAM:[*]

Plaintiff-appellant Christopher Marionneaux alleges that
defendant-appellee Groendyke Transport, Inc. violated the
Americans with Disabilities Act, 42 U.S.C. §§ 12101 - 12213,
because it terminated his employment as a commercial truck driver
once it discovered that he is an alcoholic.  The district court
granted summary judgment in favor of Groendyke.  We affirm.

I. FACTUAL & PROCEDURAL BACKGROUND

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Marionneaux was hired by defendant-appellee Groendyke Transport, Inc. (Groendyke) as a commercial over-the-road truck driver on May 2, 1995. On September 9, 1995, Marionneaux told Groendyke that he was having a problem with alcohol and could not pick up a load for which he had been dispatched. Groendyke referred Marionneaux to its medical review officer for evaluation. The officer recommended that Marionneaux check into a detoxification center for five days and follow a twelve-month recovery treatment program. Marionneaux checked himself into a detoxification center on September 11, 1995. Groendyke terminated Marionneaux's employment that same day.

Marionneaux filed a petition for damages in the United States District Court for the Middle District of Louisiana on November 1, 1996, alleging that he was discriminated against because of his alcoholism. Both parties filed motions for summary judgment. The district court granted Groendyke's motion for summary judgment on April 29, 1998, and Marionneaux timely appealed.

## II. DISCUSSION

Marionneaux argues that issues of material fact exist as to whether Groendyke violated the Americans with Disabilities Act (ADA) because (1) the evidence showed that he had a disability that was covered by the ADA, (2) he was qualified for the position of a commercial driver, and (3) Groendyke failed to

reasonably accommodate his alcoholism.[1] Groendyke argues that the district court properly granted summary judgment because Marionneaux failed to show he was a qualified individual with a disability, because granting Marionneaux a leave of absence to attend a detoxification clinic is not a reasonable accommodation required under the ADA, and because Groendyke conclusively demonstrated a legitimate, non-discriminatory basis for its decision to terminate Marionneaux.

## A. Standard of Review

We review the grant of summary judgment by a district court de novo. See Tolson v. Avondale Indus., Inc., 141 F.3d 604, 608 (5th Cir. 1998). Summary judgment is appropriate if "there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The substantive law determines which facts are material

---

[1] Marionneaux also alleges that Groendyke terminated him in violation of company policy regarding drug and alcohol use. To the extent that this argument seeks to impose liability on Groendyke for breach of an employment contract, we consider the argument waived because Marionneaux failed to make this argument to the district court. See Burch v. Coca-Cola Co., 119 F.3d 305, 319 (5th Cir. 1997) ("This court will not consider on appeal a claim not submitted to the district court."), cert. denied, 118 S. Ct. 871 (1998); Butler Aviation Int'l, Inc. v. Whyte (In re Fairchild Aircraft Corp.), 6 F.3d 1119, 1128 (5th Cir. 1993) (holding that a litigant must press and not merely intimate an argument to preserve it for appeal). To the extent Marionneaux is arguing that the violation of the policy supports his claim under the ADA, any violation is irrelevant because we find no genuine issue of material fact as to Marionneaux's disability, see infra, and the argument is foreclosed by relevant caselaw. See Myers v. Hose, 50 F.3d 278, 284 (4th Cir. 1995) ("While the [defendant] is free to exceed the requirements of the ADA in fashioning its policies regarding disabled employees, such policies are not the definitive source of the standard by which reasonable accommodation is measured under federal law.").

3

and the court must view these facts and the inferences to be drawn from them in the light most favorable to the party opposing the motion. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986); Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 587-88 (1986).

The party moving for summary judgment bears the initial burden of showing an absence of evidence to support the non-moving party's case. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-27 (1986). Once this burden has been met, the non-moving party can resist the motion for summary judgment by making a positive showing that a genuine dispute of material fact exists. See Anderson, 477 U.S. at 250. The nonmovant must go beyond the pleadings and designate specific facts showing that there is a genuine issue of material fact for trial. See Celotex, 477 U.S. at 324-25. Summary judgment may be affirmed on any ground that was raised to the district court and upon which both parties had the opportunity to present evidence. See Conkling v. Turner, 18 F.3d 1285, 1296 n.9 (5th Cir. 1994).

## B. Marionneaux's Disability

The ADA provides that "[n]o covered entity shall discriminate against a qualified individual with a disability because of the disability of such individual in regard to job application procedures, the hiring, advancement, or discharge of employees . . . and other terms, conditions, and privileges of employment." 42 U.S.C. § 12112(a). A "disability" includes "a physical or mental impairment that substantially limits one or

4

more of the major life activities of such individual." 42 U.S.C. § 12102(2). To prevail on an ADA claim, a plaintiff must show that (1) he has a "disability," (2) he is qualified for the job, and (3) his employer made an adverse employment decision solely because of his disability. See Hamilton v. Southwestern Bell Tel. Co., 136 F.3d 1047, 1050 (5th Cir. 1998); Turco v. Hoechst Celanese Corp., 101 F.3d 1090, 1092 (5th Cir. 1996).

Alcoholism is not a per se disability under the ADA. See Burch, 119 F.3d at 316; see also Deas v. River West, L.P., 152 F.3d 471, 477-78 (5th Cir. 1998) (refusing to hold seizures constitute a disability per se under the ADA based, in part, on "numerous decisions of this and other courts declining to recognize various impairments as disabilities per se and emphasizing the importance of, and rationale behind, making disability determinations on an individualized basis"); 29 C.F.R. § 1630.2(j), app. ("The determination of whether an individual has a disability is not necessarily based on the name or diagnosis of the impairment the person has, but rather on the effect of that impairment on the life of the individual."). For a plaintiff suffering from alcoholism to prove he is disabled under the ADA, the plaintiff must show he is substantially limited in one or more major life activities, including "functions such as caring for oneself, performing manual tasks, walking, seeing, hearing, speaking, breathing, learning, and working." 29 C.F.R. § 1630.2(i); see Burch, 119 F.3d at 315-16; 29 C.F.R. § 1630.2(g). Furthermore, temporary incapacity

5

resulting from inebriation is not sufficient; "[p]ermanency, not frequency, is the touchstone of a substantially limiting impairment."  <u>Burch</u>, 119 F.3d at 316.

Marionneaux contends in his appellate brief that he was disabled under the ADA because he is an alcoholic and suffered from "delirium tremens," a physical impairment that limited his ability to care for himself and to walk without falling down. Marionneaux filed an affidavit in support of his motion for summary judgment on April 20, 1998, stating that he sought treatment for alcoholism in September 1995 because he "started shaking violently and had to drink alcohol to stop the violent shaking."  Marionneaux also describes in this affidavit that "in treatment I learned that I was having delirium tremens.  As a result I could no longer properly take care of myself, i.e., eat, dress or think clearly."

In deposition testimony taken June 18, 1997, however, the following exchange occurred between Groendyke's attorney and Marionneaux:

> Q (attorney): Does [your alcohol] problem restrict your ability to perform your daily tasks in any way?
> A (Marionneaux): My daily tasks?  Like the job I'm doing now?
> Q: Like the job you're doing; like walking, breathing, taking care of yourself.
> A: No, I can -- I can walk and breathe.  I can dress myself. I can go to work.  But, what's the -- it's a big change now.  I have to do a lot of things.  And there's a lot of things I used to do that I can't do.
> Q: Like what?
> A: Well, I can't go to places where people drinking alcohol. I have to attend meetings every day.  Just -- just -- it's not -- I'm not saying it's worse, but it is restrictions that you have.  You have a different way you have to live, you know.  That you did -- you don't

6

have as much freedom to go as many places, is what I'm saying.

Q: But you are able to work?

A: Yeah.

Q: And you are able to perform most of your major life activities or all of your major life activities without any problems?

A: Yeah, I think.

This deposition testimony clearly conflicts with Marionneaux's affidavit. Marionneaux states in his deposition testimony that he was able to perform his major life functions, including dressing and taking care of himself, without problems. His subsequent affidavit, filed ten months later and one week before oral argument on the summary judgment motions, states he could no longer eat, dress, or think clearly.

We do not consider Marionneaux's affidavit sufficient to raise a genuine issue of material fact regarding Marionneaux's disability. "It is well settled that this court does not allow a party to defeat a motion for summary judgment using an affidavit that impeaches, without explanation, sworn testimony." S.W.S. Erectors, Inc. v. Infax, Inc., 72 F.3d 489, 495 (5th Cir. 1996); see Albertson v. T.J. Stevenson & Co., Inc., 749 F.2d 223, 228 (5th Cir. 1984) ("[T]he nonmovant cannot defeat a motion for summary judgment by submitting an affidavit which directly contradicts, without explanation, his previous testimony."); Darnell v. Target Stores, 16 F.3d 174, 176-77 (7th Cir. 1994).

Marionneaux offers no explanation for the conflict with his deposition testimony, and his affidavit is therefore inadequate to raise a genuine issue of material fact as to his disability. With no other evidence suggesting Marionneaux was disabled under

7

the ADA, summary judgment was appropriate.[2]

## III. CONCLUSION

For the foregoing reasons, we find that the district court correctly granted summary judgment in favor of defendant-appellee.  The judgment is AFFIRMED.

---

[2] Groendyke also argues that the district court properly granted summary judgment because Marionneaux was not qualified to work as a commercial driver under regulations promulgated by the United States Department of Transportation and that he was terminated for a legitimate, non-discriminatory reason.  Because we find no genuine issue as to Marionneaux's lack of disability under the ADA, we do not reach these arguments.